UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

UNITED STATES OF AMERICA,           )
                                    )
          Plaintiff,                )
                                    )
     v.                             )          Case No. 1:01CR48 RWS
                                    )
TONY MIDKIFF,                       )
                                    )
          Defendant(s).             )

## MEMORANDUM AND ORDER

This matter is before me on Tony Midkiff's Motion for Post-Trial Relief, to Modify

Sentencing Order and to Provide an Updated (Revised) Pre-Sentence Investigation Report [#66].

Midkiff has not cited to any statutory authority in his motion, but he claims that his sentence must

be reduced because it violates the rule announced by the United States Supreme Court in United

States v. Booker, 125 S. Ct. 738 (2005).  For the reasons stated below, I will deny the motion.

## HISTORY

On September 27, 2001, Midkiff entered into a plea agreement with the Government and

pled guilty to Count II of the Indictment.  Under the terms of the plea agreement, Midkiff agreed

to be sentenced pursuant to U.S.S.G. § 2D1.1.  Midkiff agreed that his base level should be thirty-

two, that a two-level enhancement should be added for possession of a dangerous weapon, and a

three-level decrease should be subtracted for acceptance of responsibility.  Further, the

Government stipulated that Midkiff had provided substantial assistance, and that if Midkiff

continued to cooperate, it would move for a *downward* departure to a term of eighty-one months'

imprisonment.  Midkiff agreed to the downward departure recommendation of an eighty-one

month term of imprisonment.

On January 7, 2002, I sentenced Midkiff to eighty-one months' imprisonment and three years of supervised release.  Midkiff did not appeal the sentence.  Midkiff did not file a motion to reduce the sentence pursuant to 28 U.S.C. § 2255.  Midkiff filed the motion presently under review on April 4, 2005.

**MIDKIFF'S MOTION FOR POST-TRIAL RELIEF**

In his motion for post-trial relief, Midkiff now claims that his sentence must be reduced because his sentence was enhanced based on facts which were not found by a jury.  Specifically, Midkiff claims that the two-level enhancement for possession of a deadly weapon was imposed in violation of his Sixth Amendment rights set forth in Booker.

Midkiff's motion will be denied because I do not have the authority to reduce his sentence.  Even if I were to have the authority to reduce his sentence, the motion would be denied because Booker does not apply to criminal cases that became final prior to the date Booker was issued.  Finally, even if Booker applied to this case, the motion would be denied because Midkiff admitted to the facts which gave rise to his sentence; as a result, I did not engage in any judicial fact-finding.

**ANALYSIS**

*The Court Does Not Have the Authority to Reduce Midkiff's Sentence*

The court may not modify a term of imprisonment once it has been imposed except that--
* * *
(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing

Commission.

18 U.S.C. § 3582(c).

The Sentencing Commission has not lowered the sentencing range for the Guideline applicable to Midkiff. As a result, Midkiff does not qualify for relief pursuant to 18 U.S.C. § 3582(c).

Nor would Midkiff qualify for relief under 28 U.S.C. § 2255 if he were to have filed the present motion under that statute. Under § 2255, the movant must file for relief within one year of the date the judgment became final. Midkiff's judgment became final on January 7, 2002. As a result, Midkiff is time-barred from receiving relief under § 2255.

*Booker Does Not Apply to Cases that Became Final Prior to the Date it Was Issued*

Even if I had authority to reduce Midkiff's sentence, he would not qualify for relief under Booker because "the 'new rule' announced in Booker does not apply to criminal convictions that became final before the rule was announced, and thus does not benefit movants in collateral proceedings." Never Misses a Shot v. United States, 413 F.3d 781, 783 (8th Cir. 2005). The Booker opinion was issued three years after Midkiff's sentence became final.

*Even if Booker Applied, Midkiff Admitted to the Facts Which Gave Rise to his Sentence, So I did not Engage in any Impermissible Judicial Fact-Finding*

In Booker, Justice Stevens stated, "it is axiomatic that a defendant may waive his Sixth Amendment right to trial by jury. In Blakely we explained that '[w]hen a defendant pleads guilty, the State is free to seek judicial sentence enhancements so long as the defendant either stipulates to the relevant facts or consents to judicial factfinding.'" 125 S. Ct. at 774.

In the present case, Midkiff stipulated to the relevant facts in the plea agreement. No

judicial fact-finding occurred, and <u>Booker</u> is not implicated.  As a result, Midkiff's motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Tony Midkiff's Motion for Post-Trial Relief, to Modify Sentencing Order and to Provide an Updated (Revised) Pre-Sentence Investigation Report [#66] is **DENIED** with prejudice.

Dated this <u>13th</u> Day of September, 2005.

 

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE